1

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

8

9

10

11

12

13

14

15

| | |
|---|---|
| CARE PLUS INSURANCE MARKETING, a California Corporation, and MIKE MASSAD, an individual,<br><br>                Plaintiffs,<br><br>v.<br><br>CONNECTICUT GENERAL LIFE INSURANCE COMPANY aka CGLIC, DOES 1 through 100 inclusive,<br><br>                Defendants. | 1:10-CV-01836 AWI MJS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE SECOND AND FOURTH CAUSES OF ACTION AND DENYING DEFENDANT'S MOTION TO DISMISS THE THIRD CAUSE OF ACTION<br><br>(Document #11) |

16

17

## BACKGROUND

18

19

20

21

22

23

On August 16, 2010, Plaintiffs Care Plus Insurance Marketing ("CPIM") and Mike Massad, owner and operator of CPIM, filed a complaint for breach of contract, conversion, defamation and unfair competition in violation of California Business Code § 17200, *et seq*. The complaint arises from a contract dispute between Defendant Connecticut General Life Insurance Company ("CGLIC") and Plaintiffs. On October 5, 2010, Defendant removed the action to this court because the parties are citizens of different states and more than $75,000 is at issue.

24

25

26

27

28

On October 12, 2010, Defendant filed a motion to dismiss. Defendant contends that the second cause of action for conversion fails as a matter of law because conversion cannot be predicated on only a contractual right of payment and Plaintiffs have not specifically identified the money that was allegedly converted. Defendant argues that the third cause of action for defamation should be dismissed because the complaint fails to meet the stringent pleading

standard for defamation.  Defendant contends that the fourth cause of action for unfair competition fails to state a claim because an allegation of only a breach of contract is not a violation of California's unfair competition law.  Defendant asks the court to dismiss Plaintiffs' second, third and fourth causes of action with prejudice.

Plaintiffs filed an opposition on October 27, 2010.  Plaintiffs contend that the conversion claim properly alleges that Defendant took control over property belonging to Plaintiffs. Plaintiffs contend that the defamation claim sufficiently alleges that Defendant falsely stated that Plaintiffs were not paid as a result of their incompetence, mismanagement and dishonesty. Finally, Plaintiffs contend that they have stated a claim for unfair competition because the complaint alleges that Defendant's intentional failure to perform in accordance with the contract placed Plaintiffs at a competitive disadvantage with competitors.  Plaintiffs request that any dismissal be with leave to amend.

On November 11, 2010, Defendant filed a reply, repeating the same arguments as the motion to dismiss.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory.  Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  In reviewing a complaint under Rule 12(b)(6), all of the complaint's material allegations of fact are taken as true, and the facts are construed in the light most favorable to the non-moving party.  Marceau v. Balckfeet Hous. Auth., 540 F.3d 916, 919 (9th  Cir. 2008); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999).  The court must also assume that general allegations embrace the necessary, specific facts to support the claim.  Smith v. Pac. Prop. and Dev. Corp., 358 F.3d 1097, 1106 (9th Cir. 2004).  However, the court is not required "to accept

as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  Although they may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).  As the Supreme Court has explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949.

> The plausibility standard is not akin to a 'probability requirement,' but it asks more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'
> . . .
> Determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

Id. at 1949-50.  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

## ALLEGED FACTS

The complaint alleges that Plaintiffs and Defendant entered into a written agreement on April 8, 2010.  Plaintiffs agreed to solicit applications for Defendant's Medicare Plans and

3

additionally sell, market and promote the Medicare Plans.  Defendant agreed to pay Plaintiffs a set amount for each application it submitted.  The written agreement stated that Defendant would provide marketing materials to Plaintiffs and train Plaintiffs' agents regarding the requirements of Medicare Laws and Regulations.  The written agreement also provided that if Defendant were to terminate the contract for cause, Defendant was required to provide written notice of the alleged default and provide Plaintiffs with the opportunity to cure the alleged default.

The complaint alleges that on December 17, 2009, Defendant breached the contract by immediately terminating the written agreement because of alleged defaults by Plaintiffs.  The complaint alleges Defendant failed to provide Plaintiffs with the opportunity to cure the alleged defaults as required by the written agreement.  The complaint alleges Defendant committed an additional breach when it failed and refused to pay Plaintiffs for services already provided under the written agreement.

The complaint alleges that on December 17, 2009, Defendant committed conversion when it refused and failed to pay Plaintiffs for services already provided under the written agreement.  The complaint alleges Defendant also wrongfully converted money owed to Plaintiffs by the United States for Medicaid benefits.  The complaint alleges Defendant used the money for its own purpose and benefit and to the detriment of Plaintiffs.

The complaint alleges that on December 17, 2009, Defendant, speaking through its agents and representatives, including but not limited to Mr. Glenn Amnott, stated that Plaintiffs were not being paid as a result Plaintiffs' incompetence, mismanagement and dishonesty.[1]  The complaint alleges the statement was false and is slanderous per se because it accused Plaintiffs of dishonesty and professional incompetence.  The complaint alleges that the words were understood by those that heard them, and because of the statement, Plaintiffs have suffered

---

[1]     The court notes that Plaintiffs' complaint alleges that the defamation occurred on December 17, 2010.  The court will assume Plaintiff intended to allege that the defamation occurred on December 17, 2009 in accordance with the rest of the complaint.

4

1  damages to their reputation.

2      The complaint alleges that Defendant failed to provide Plaintiffs with the educational and

3  promotional support required by the written agreement.  Competitors with similar written

4  agreements with Defendant received the required educational and promotional support.  The

5  complaint alleges Defendant's failure to act in accordance with the contract placed Plaintiffs at a

6  competitive disadvantage with competitors in violation of California Business & Profession

7  Code § 17200, *et seq.*  The complaint alleges Defendant's actions were intentional because of

8  Defendant's dislike for Plaintiff Massad and meant to put Plaintiffs out of business.

9                                      **DISCUSSION**

10      A.      Conversion

11      In the second cause of action for conversion, Plaintiffs allege that Defendant committed

12  conversion when it failed to pay Plaintiffs for services provided under the written agreement and

13  by taking control of money belonging to Plaintiffs paid by the United States for Medicaid

14  benefits.  Plaintiffs allege Defendant used the Medicaid benefits money for its own purpose and

15  benefit, doing so against the interest of Plaintiff and without its permission.  Defendant contends

16  Plaintiffs' claim for conversion fails because a contractual right of payment alone cannot give

17  rise to liability for conversion and because Plaintiffs have not identified a specific, identifiable

18  sum of money that was converted.

19      "A conversion occurs where the defendant wrongfully exercises dominion over the

20  property of another." Bank of New York v. Fremont Gen. Corp., 523 F.3d 902, 914 (9th Cir.

21  2008) (citations omitted).  "The elements of a conversion are the plaintiff's ownership or right to

22  possession of the property at the time of the conversion; the defendant's conversion by a

23  wrongful act or disposition of property rights; and damages." Plummer v. Day/Eisenberg, LLP,

24  184 Cal. App. 4th 38, 45 (2010) (internal quotation marks and citation omitted).

25      Plaintiffs fail to state a claim for conversion based on Defendant's failure to pay Plaintiffs

26  under the written agreement.  A contractual right of payment, without more, cannot establish a

27

28                                          5

conversion claim.  Farmers Ins. Exch. v. Zerin, 53 Cal. App. 4th 445, 452 (1997).  For example, in Imperial Valley Land Co. v. Globe Grain & Milling Co., 187 Cal. 352, 353 (1921), tenant entered into a rental agreement with landlord to raise crops, agreeing to pay landlord one-fourth of the crop for rent.  After tenant sold the entire crop, landlord filed a claim against tenant for conversion.  Id.  The Supreme Court of California concluded that plaintiff failed to state a claim for conversion because the rental agreement did not establish landlord's title or lien upon the crop, but only established the measure of damages for breach of contract.  Id. at 354-355.

In this case, Plaintiffs only allege that Defendant refused and failed to pay Plaintiff for services provided under the written agreement.  Plaintiffs have failed to allege that the written agreement with Defendant establishes ownership or the right to possess the money it is owed under the written agreement that would give rise to a conversion claim.  Therefore, Plaintiffs have failed to state a claim for conversion based on Defendant's failure to pay Plaintiffs under the written agreement.

Plaintiffs also fail to state a claim for conversion based on Defendant taking control of money belonging to Plaintiffs.  Plaintiffs have failed to allege that they had ownership or the right to possess the Medicaid benefits at the time of conversion.  Furthermore, a "generalized claim for money [is] not actionable as conversion."  Vu v. California Commerce Club, Inc., 58 Cal. App. 4th 229, 235 (1997).  A conversion claim involving money requires there be a "specific, identifiable sum involved" and the amount of money be "readily ascertainable."  PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP, 150 Cal. App. 4th 384, 395-96 (2007).  Plaintiffs have failed to allege the amount of money involved or any specifics regarding the money converted other than the fact the money was Medicaid benefits.

Accordingly, Defendant's motion to dismiss Plaintiffs' second cause of action for conversion is granted without prejudice.

B.     Defamation

In the third cause of action for defamation, Plaintiffs allege Defendant falsely stated that

Plaintiffs were not being paid as a result their incompetence, mismanagement and dishonesty. Plaintiffs allege the statement was understood by those that heard it and that the statement constitutes slander per se because it accused Plaintiffs of dishonesty and professional incompetence.  Defendant contends Plaintiffs' defamation claim fails because the allegations are conclusory and do not allege what specifically was said and to whom and therefore does not meet the stringent pleading standard for defamation.

Slander is a form of defamation.  Cal. Civ. Code § 44.  California Civil Code § 46(3) provides:

> Slander is a false and unprivileged publication, orally uttered . . . which:
> . . . .
>
> 3. Tends directly to injure him in respect to his office, profession, trade or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profits[.]

A slander claim under section 46(3) is slander per se and requires no proof of actual damages. Mann v. Quality Old Time Serv., Inc., 120 Cal. App. 4th 90, 107 (2004).  Most cases involving section 46(3) "involve statements that reflect on the integrity and competence of the plaintiff, the clearest being allegations of unethical activity or incompetence."  Regalia v. Nethercutt Collection, 172 Cal. App. 4th 361, 369 (2009) (citation omitted).  The "disparagement must be more than general defamation of the victim's character, it must go to a characteristic particularly relevant to the victim's occupation."  Id. (citation omitted.)  "[I]t is not sufficient that the words be merely injurious to one whatever his pursuit, but they must prejudice him in the special profession or business in which he is actually engaged."  Correia v. Santos, 191 Cal. App. 2d 844, 853 (1961) (internal quotation marks omitted).

As a preliminary matter, Defendant contends that a particularized pleading standard applies to defamation claims.  Defendant cites to Jones v. Thyssenkrupp Elevator Corp., No. C-05-3539 EMC, 2006 WL 680553, at *6 (N.D. Cal. March 14, 2006), which stated that the "standard for pleading defamation is more stringent than that applicable to most other substantive

7

1    claims because of the historically unfavored nature of this type of action."  However, the

2    heightened pleading standard of Federal Rule of Civil Procedure 9(b) only applies to "allegations

3    of fraud or mistake" and not defamation.  Therefore, Federal Rule of Civil Procedure 8(a)(2)

4    applies to Plaintiffs' defamation claim, which states a complaint must contain a "short and plain

5    statement of the claim showing that the pleader is entitled to relief."  Rule 8(a)(2) requires only

6    that Plaintiffs allege facts sufficient to state a "plausible claim for relief."  Iqbal, 129 S. Ct. at

7    1950.

8         Defendant contends that Plaintiffs' allegations are insufficient to state a claim for

9    defamation because they do not specify the content of what was allegedly said.  "Under

10   California law, although a plaintiff need not plead the allegedly defamatory statement verbatim,

11   the allegedly defamatory statement must be specifically identified, and the plaintiff must plead

12   the substance of the statement."  Jacobson v. Schwarzenegger, 357 F. Supp. 2d 1198, 1216 (C.D.

13   Cal. 2004); see also Okun v. Superior Court, 29 Cal. 3d 442, 458 (1981).

14        For example, in Goodrick v. Hertz Equipment Rental Corp., No. A126741, 2010 WL

15   4113812, at *1 (Cal. Ct. App. October 20, 2010), plaintiff filed a claim against defendant for

16   defamation, alleging defendant falsely stated to customers that plaintiff was fired from his branch

17   manager position "in connection with missing equipment" from the store.  The court held that the

18   statement impugned plaintiff's business reputation and constituted slander per se under section

19   46(3).  Id. at *10.  The court emphasized that the statement tended to directly injure plaintiff with

20   respect to his profession because it conveyed a lack of competence to perform his duties as

21   branch manager.  Id.

22        Plaintiffs state a plausible slander per se claim under section 46(3).  Plaintiffs have

23   alleged that Defendant made an oral, false publication, to a third party when Defendant falsely

24   stated that Plaintiffs were not paid as a result of Plaintiffs' incompetence, mismanagement and

25   dishonesty.  Similar to Goodrick, Defendant's alleged statement impugns Plaintiffs' business

26   reputation because it directly reflects on Plaintiffs' integrity and lack of competence to perform

27

28                                        8

1    its duties in the insurance marketing business.

2           Accordingly, Defendant's motion to dismiss Plaintiffs' third cause of action for

3    defamation is denied.

4           C.     Unfair Competition

5           In Plaintiffs' fourth cause of action for unfair competition, Plaintiffs allege Defendant

6    intentionally failed to provide the educational and promotional support required by their written

7    agreement.  Plaintiffs allege that competitors entered into similar contracts with Defendant and

8    were provided the required educational and promotion support.  Plaintiffs allege that Defendant's

9    actions placed them at a competitive disadvantage with competitors and were meant to put

10   Plaintiffs out of business.  Defendant contends Plaintiffs' unfair competition claim fails because

11   a breach of contract alone is insufficient to give rise to liability under section 17200.

12          The purpose of California's unfair competition law ("UCL") "is to protect both

13   consumers and competitors by promoting fair competition in commercial markets for goods and

14   services."  Kasky v. Nike, Inc., 27 Cal. 4th 939, 949 (2002).  The UCL prohibits "any unlawful,

15   unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  "Because [the

16   UCL] is written in the disjunctive, it establishes three varieties of unfair competition-acts or

17   practices which are unlawful, or unfair, or fraudulent.  In other words, a practice is prohibited as

18   unfair or deceptive even if not unlawful and vice versa."  Cel-Tech Commc'ns, Inc. v. Los

19   Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999) (internal quotation marks and citations

20   omitted).

21          An action based on an "unlawful" business act occurs when there is a violation of almost

22   any federal, state or local law.  Saunders v. Superior Court, 27 Cal. App. 4th 832, 838-39 (1994).

23   An "unfair" business act under the UCL is "conduct that threatens an incipient violation of anti-

24   trust law, or violates the policy or spirit of one of those laws because its effects are comparable to

25   or the same as a violation of the law, or otherwise significantly threatens or harms competition."

26   Cel-Tech Commc'ns, 20 Cal. 4th at 187.  A "fraudulent" business act under the UCL occurs

27

28                                              9

when "members of the public are likely to be deceived." <u>Kasky</u>, 27 Cal. 4th at 951.  A breach of

contract may violate the UCL if the breach "also constitutes conduct that is unlawful, unfair, or

fraudulent." <u>Sybersound Records, Inc. v. UAV Corp.</u>, 517 F.3d 1137, 1152 (9th Cir. 2008)

(citation omitted).

It is unclear from Plaintiffs' complaint whether they are filing a UCL claim based on an

unlawful, unfair or fraudulent business act.  However, Plaintiffs fail to state a claim under all

three varieties.  Plaintiffs fail to state a claim for an unlawful business act because they have not

alleged that Defendant's breach of contract violates any other law.  Plaintiffs fail to state a claim

for an unfair business act because they have not alleged that Defendant's breach of contract

violates an anti-trust law, violates the policy or spirit of one of those anti-trust laws, or otherwise

significantly threatens or harms competition.  The court notes that Plaintiffs allege that

Defendant's breach of contract harmed *Plaintiffs* by placing them at a competitive disadvantage

with other competitors.  However, "[i]njury to a competitor is not equivalent to injury to

competition; only the latter is the proper focus of antitrust laws." <u>Cel-Tech</u>, 20 Cal. 4th at 186.

Finally, Plaintiffs fail to state a claim for a fraudulent business act because they have not alleged

that because of Defendant's breach of contract members of the public are likely to be deceived.

In addition, Defendant is correct that Plaintiffs fail to allege an available remedy under

the UCL.  Plaintiffs seek damages against Defendant for its alleged violation of the UCL.

However, a "UCL action is equitable in nature; damages cannot be recovered." <u>Korea Supply</u>

<u>Co. v. Lockheed Martin Corp.</u>, 29 Cal. 4th 1134, 1144 (2003).  Under the UCL, "[p]revailing

plaintiffs are generally limited to injunctive relief and restitution." <u>Cel-Tech</u>, 20 Cal. 4th at 179.

Therefore, the court instructs Plaintiffs that any amendment to its fourth cause of action must

include an available remedy under the UCL.

Accordingly, Defendant's motion to dismiss Plaintiffs' fourth cause of action for unfair

competition is granted without prejudice.

D.     Leave To Amend Plaintiffs' Second And Fourth Causes of Action

1    Plaintiffs request that any dismissal from the court be with leave to amend.  "If a

2    complaint is dismissed for failure to state a claim, leave to amend should be granted unless the

3    court determines that the allegation of other facts consistent with the challenged pleading could

4    not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc., 806

5    F.2d 1393, 1401 (9th Cir.1986).  Although the court will allow Plaintiffs to file an amended

6    complaint to cure the deficiencies of its second and fourth causes of action for conversion and

7    unfair competition, Plaintiffs are advised that any amended complaint that includes these claims

8    must be based upon a well-founded belief that a cognizable or arguable legal theory exists that

9    would support such a theory.  See Fed. R. Civ. P. 11 (allowing sanctions to be awarded when

10   litigant asserts frivolous legal theory); Les Shockley Racing Inc. v. Nat'l Hot Rod Ass'n, 884

11   F.2d 504, 510 (9th Cir. 1989) (defining legal argument as frivolous if "at time of filing, a

12   competent attorney after a reasonable investigation could not have determined that a

13   well-founded basis in fact and in law or a good faith argument for extension of law supported the

14   filing").

**ORDER**

Accordingly, the court ORDERS that:

1.    Defendant's motion to dismiss Plaintiffs' second cause of action for conversion is GRANTED without prejudice and with leave to amend;

2.    Defendant's motion to dismiss Plaintiffs' third cause of action for defamation is DENIED.

3.    Defendant's motion to dismiss Plaintiffs' fourth cause of action for unfair competition is GRANTED without prejudice and with leave to amend;

4.    Plaintiffs have thirty days to file an amended complaint.

IT IS SO ORDERED.

Dated:    December 20, 2010    _____

CHIEF UNITED STATES DISTRICT JUDGE

11