1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

9
10

CARE PLUS INSURANCE MARKETING,

11

Plaintiff,

12

v.

13
14

CONNECTICUT GENERAL LIFE INSURANCE COMPANY,

15
16

Defendant.

17

_____

Case No. 1:10-cv-1836-MJS

**AMENDED** SCHEDULING ORDER (Fed. R. Civ. P. 16)

Discovery Deadlines:

    Initial Disclosures: 3/31/2011

    Expert Disclosures:
        Plaintiff's Initial: 10/14/2011
        Defendant's Initial: 10/28/2011
        Plaintiff's Rebuttal: 11/14/2011

    Discovery Cut Off: 12/13/2011

Non-Dispositive Motion Deadlines:
    Filing: 12/13/2011

Dispositive Motion Deadlines:
    Filing: 1/10/2012
    Hearing: 2/24/2012

Pre-Trial Conference:
    3/23/2012 at 9:30 a.m.
    Courtroom 6 (MJS)

Trial:  4/17/2012 at 9:00 a.m.
      Yosemite Courtroom
      7 days

18
19
20
21
22
23
24
25
26
27
28

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**I.      Date of Scheduling Conference**

4/20/2011.

**II.     Appearances of Counsel**

Mitchell Taylor appeared on behalf of Plaintiff.

Benjamin Turner appeared on behalf of Defendant.

**III.    Discovery Plan and Cut-Off Date**

At the Scheduling Conference, the parties represented that initial disclosures had been exchanged.

The parties are ordered to complete all discovery pertaining to non-experts and experts on or before 12/13/2011.

The parties are directed to disclose all expert witnesses, in writing, as follows; Plaintiffs initial disclosure on or before 10/14/2011; Defendant's to disclose on or before 10/28/2011; Plaintiff's rebuttal experts shall be disclosed on or before 11/14/2011.   The written designation of experts shall be made pursuant to Fed. R. Civ. P. Rule 26(a)(2)(A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this Order may result in the Court excluding the testimony or other evidence offered through experts that are not disclosed pursuant to this Order.

The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions.  Experts must be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced.

IV.   **Pre-Trial Motion Schedule**

All non-dispositive pre-trial motions, including any discovery motions, shall be filed no later than 12/13/2011.  Non-dispositive motions are heard on the second and fourth Fridays of each month at 9:30 a.m., before the Honorable Michael J. Seng, United States Magistrate Judge, in Courtroom 6 of the Fresno Courthouse.  Counsel should consult Magistrate Judge Seng's "Court Information" and "Standing Order on Civil Discovery Disputes" both available on the Yosemite Division's page of the Court's website.  Motions that do not comply with the procedures outlined therein will be denied without prejudice and dropped from the calendar.

Counsel may appear and argue non-dispositive motions by telephone if a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than five (5) court days before the noticed hearing date.  Parties shall contact Court Call to set up telephonic appearances.

All Dispositive Pre-Trial Motions shall be filed no later than 1/10/2012 and heard no later than 2/24/2012, in Courtroom 6 of the Fresno Courthouse before the Honorable Michael J. Seng, United States Magistrate Judge.  In scheduling such motions, counsel shall comply with Fed. R. Civ. P. 56 and Local Rules 230 and 260.

**Motions for Summary Judgment or Summary Adjudication**

Prior to filing a motion for summary judgment or motion for summary adjudication the parties are ORDERED to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.

The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the Court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary

1  judgment motion; and 6) to arrive at a joint statement of undisputed facts.

2      The moving party shall initiate the meeting and provide a draft of the joint statement

3  of undisputed facts.  In addition to the requirements of Local Rule 260, the moving party

4  shall file a joint statement of undisputed facts.

5      In the notice of motion, the moving party shall certify that the parties have met and

6  conferred as ordered above or set forth a statement of good cause for the failure to meet

7  and confer.

8           **V.    Pre-Trial Conference Date**

9      A pre-trial conference shall be held on 3/23/2012 at 9:30 a.m. in Courtroom 6 before

10  Magistrate Judge Seng.

11     The parties are ordered to file a Joint Pretrial Statement pursuant to Local Rule

12  281(a)(2).  The parties are further directed to submit a digital copy of their pretrial

13  statement in Word Perfect X4[1] format, directly to Judge Seng's chambers by email at

14  MJSOrders@caed.uscourts.gov.

15     Counsels' attention is directed to Rules 281 and 282 of the Local Rules of Practice

16  for the Eastern District of California, as to the obligations of counsel in preparing for the

17  pre-trial conference.  The Court will insist upon strict compliance with those rules.

18          **VI.    Trial Date**

19     Trial of this matter shall commence on 4/17/2012 at 9:00 a.m. in the courtroom at

20  the Yosemite courthouse before the Honorable Michael J. Seng, United States Magistrate

21  Judge.  The following apply:

22          A.    This is a Court trial.

23          B.    Counsels' Estimate of Trial Time: 7 days.

24          C.    Counsel's attention is directed to Local Rules of Practice for the

25  _____

26     [1] If WordPerfect X4 is not available to the parties then the latest version of WordPerfect available
    to the parties or any other word processing program in general use for IBM compatible personal
27  computers is acceptable.

28                                4

Eastern District of California, Rule 285.

## VII.   **Settlement Conference**

A Settlement Conference will be scheduled if all parties so request.  In making the request, the parties are to notify the Court as to whether they want the undersigned or another judicial officer to conduct the settlement conference.  If the undersigned is selected, the parties are to comply with the following:

Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms[2] at the conference.

CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT

At least five (5) court days prior to the Settlement Conference the parties shall submit, directly to Judge Seng's chambers by e-mail to MJSOrders@caed.uscourts.gov, a Confidential Settlement Conference Statement.  The statement should not be filed with the Clerk of the Court and need not be served on any other party unless the parties agree otherwise.  The parties may file a Notice of Lodging of Settlement Conference Statement. Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.

The Confidential Settlement Conference Statement shall include the following:

A.   A brief statement of the facts of the case.

B.   A brief statement of the claims, defenses, and major issues in dispute AND a forthright evaluation of the parties' likelihood of prevailing on the claims, defenses, and disputed issues.

---

[2] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors or the like shall be represented by a person or persons who occupy high executive positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements.  To the extent possible the representative shall have the authority, if he or she deems it appropriate, to settle the action on terms consistent with the opposing party's most recent demand.

5

C.      A summary of the proceedings to date.

D.      An estimate of the cost and time to be incurred in completing discovery, pretrial matters, and trial.

E.      The relief sought.

F.      A genuine statement of the party's position on settlement.

Each parties' settlement conference statement may be as lengthy as the party reasonably deems necessary to provide the information requested by the Court. However, any settlement conference statement that exceeds six (6) double spaced pages, MUST be accompanied by a summary or outline of same not to exceed three (3) double spaced pages.

**VIII.   Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial**

Not applicable at this time.

**IX.    Related Matters Pending**

There are no pending related matters.

**X.     Compliance with Federal Procedure**

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California and to keep abreast of any amendments thereto. Given its overwhelming and increasing caseload, the Court must insist upon compliance with these Rules. Sanctions will be imposed for failure to follow the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

**XI.    Effect of this Order**

The foregoing order represents the best estimate of the Court and counsel as to the agenda most suitable to dispose of this case. The trial date reserved is specifically

1  reserved for this case.  If the parties determine at any time that the schedule outlined in

2  this Order cannot be met, counsel are ordered to notify the court immediately so that

3  adjustments may be made either by stipulation or by subsequent status conference.

4      Stipulations extending the deadlines contained herein will not be considered unless

5  they are accompanied by affidavits or declarations and, where appropriate, attached

6  exhibits that establish good cause for granting the relief requested.

7      Failure to comply with this Order may result in the imposition of sanctions.

8

9

10

11  IT IS SO ORDERED.

12  Dated:     June 13, 2011          /s/ *Michael J. Seng*
    ci4d6                              UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                 7