1 | WILLIAM P. DONOVAN, JR. (SBN 155881)
william.donovan@dlapiper.com
2 | BENJAMIN W. TURNER (SBN 256092)
benjamin.turner@dlapiper.com
3 | **DLA PIPER LLP (US)**
1999 Avenue of the Stars, Fourth Floor
4 | Los Angeles, California  90067-6023
Telephone:  310.595.3000
5 | Facsimile:  310.595.3300

6 | Attorneys for Defendant

7 | D. MITCHELL TAYLOR
mitchtaylor1@sbcglobal.net
8 | **Law Office of D. Mitchell Taylor**
599 E. Serena Avenue
9 | Fresno, CA 93720
Telephone:  559.434.9025
10 | Facsimile:  559.434.9026

11 | Attorney for Plaintiffs

12 | CARE PLUS INSURANCE MARKETING
MIKE MASSAD
13 |

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – YOSEMITE DIVISION

| | |
|---|---|
| CARE PLUS INSURANCE MARKETING, a California Corporation, and MIKE MASSAD, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CONNECTICUT GENERAL LIFE INSURANCE COMPANY aka CGLIC, DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.  10-CV-01836-MJS<br><br>*[Assigned to Hon. Michael J. Seng]*<br><br>**STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION**<br><br>Complaint Filed:  August 16, 2010<br>Trial Date:          April 17, 2012 |

**I.     PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted, including, in particular, confidential or sensitive information which, if not kept confidential, could be injurious to the interests of the affected persons, and which may comprise or include information protected from disclosure under federal and/or state law.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

**II.    DEFINITIONS**

2.1     <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2     <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discover in this matter.

2.3     <u>"Confidential" Information or Items</u>:  information (regardless of how generated stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.4     <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5     <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery

Material in this action.

2.6. <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential."

2.8 <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9 <u>House Counsel</u>: attorneys who are employees of a Party.

2.10 <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.11 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness; or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee to a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**III.   SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**IV.   DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## V. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, *e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the top of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which

1  material it would like copied and produced.  During the inspection and before the designation, all
2  of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the
3  inspecting Party has identified the documents it wants copied and produced, the Producing Party
4  must determine which documents, or portions thereof, qualify for protection under this Order,
5  then, before producing the specified documents, the Producing Party must affix the
6  "CONFIDENTIAL" legend at the top of each page that contains Protected Material.  If only a
7  portion or portions of the material on a page qualifies for protection, the Producing Party also
8  must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the
9  margins).

10       (b)    <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the
11  Party or non-party offering or sponsoring the testimony identify on the record, before the close of
12  the deposition, hearing, or other proceeding, all protected testimony.  When it is impractical to
13  identify separately each portion of testimony that is entitled to protection, and when it appears
14  that substantial portions of the testimony may qualify for protection, the Party or non-party that
15  sponsors, offers, or gives the testimony may invoke on the record (before the deposition or
16  proceeding is concluded) a right to have up to twenty (20) days to identify the specific portions of
17  the testimony as to which protection is sought.  Only those portions of the testimony that are
18  appropriately designated for protection within the twenty (20) days shall be covered by the
19  provisions of this Stipulated Protective Order.

20      Transcript pages containing Protected Material must be separately bound by the court
21  reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as instructed
22  by the Party or non-party offering or sponsoring the witness or presenting the testimony.

23       (c)    <u>for information produced in some form other than documentary, and for any other</u>
24  <u>tangible items</u>, that the Producing Party affixes in a prominent place on the exterior of the
25  container or containers in which the information or item is stored the legend "CONFIDENTIAL."
26  If only portions of the information or item warrant protection, the Producing Party, to the extent
27  practicable, shall identify the protected portions.

28      5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to

-4-
DLA PIPER LLP (US)
LOS ANGELES
EAST\45009087.1
STIPULATION AND PROTECTIVE ORDER
CASE NO. 10-CV-01836

designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VI.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3   <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 230 (and in compliance with Civil Local Rule 141, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

1  The burden of persuasion in any such challenge proceeding shall be on the Designating
2  Party.  Until the court rules on the challenge, all parties shall continue to afford the material in
3  question the protection to which it is entitled under the Producing Party's designation.

**VII.   ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1   <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)   the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)   experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)   the Court and its personnel;

(e)   court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

1  Protective Order" (Exhibit A);

2      (f)    during their depositions, witnesses in the action to whom disclosure is reasonably
3  necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).
4  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material
5  must be separately bound by the court reporter and may not be disclosed to anyone except as
6  permitted under this Stipulated Protective Order.

7      (g)    the author of the document or the original source of the information.

8  **VIII.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**
9         **OTHER LITIGATION**

10  If a Receiving Party is served with a subpoena or an order issued in other litigation that
11  would compel disclosure of any information or items designated in this action as
12  "CONFIDENTIAL," then the Receiving Party must so notify the Designating Party, in writing
13  (by fax, if possible) immediately and in no event more than three court days after receiving the
14  subpoena or order. Such notification must include a copy of the subpoena or court order.

15  The Receiving Party also must immediately inform in writing the Party who caused the
16  subpoena or order to issue in the other litigation that some or all the material covered by the
17  subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must
18  deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that
19  caused the subpoena or order to issue.

20  The purpose of imposing these duties is to alert the interested parties to the existence of
21  this Protective Order and to afford the Designating Party in this case an opportunity to try to
22  protect its confidentiality interests in the court from which the subpoena or order issued. The
23  Designating Party shall bear the burdens and the expenses of seeking protection in that court of its
24  confidential material – and nothing in these provisions should be construed as authorizing or
25  encouraging a Receiving Party in this action to disobey a lawful directive from another court.

26  **IX.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

27  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
28  Material to any person or in any circumstance not authorized under this Stipulated Protective

Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## X.     FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141.

## XI.    FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

## XII. MISCELLANEOUS

12.1 <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  July 27, 2011

Law Office of D. Mitchell Taylor

By   /s/ D. Mitchell Taylor
D. MITCHELL TAYLOR
Attorneys for Plaintiffs
CARE PLUS INSURANCE MARKETING AND MIKE MASSAD

*Dated:  July 27, 2011*

DLA PIPER LLP (US)

By   /s/ William P. Donovan, Jr.
WILLIAM P. DONOVAN, JR.
Attorneys for Defendant
CONNECTICUT GENERAL LIFE INSURANCE COMPANY

**ORDER**

IT IS SO ORDERED.

Dated:  July 28, 2011

/s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE

-9-